IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CEDRIC JONES, | : |
|       Plaintiff, | : |
| V. | :    NO. 7:21-cv-00095-WLS-TQL |
| THOMAS COUNTY DETENTION CENTER, *et al.*, | : |
|       Defendants. | : |

## ORDER OF DISMISSAL

Plaintiff Cedric Jones, a pretrial detainee in the Thomas County Jail in Thomasville, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). (Docs. 1 & 2.) Plaintiff's motion to proceed *in forma pauperis* was previously granted, and Plaintiff was ordered to pay an initial partial filing fee of $30.75. (Doc. 4.) Plaintiff was given twenty-one days to pay the initial partial filing fee and was cautioned that his failure to do so could result in the dismissal of this action. *Id.*

More than twenty-one days passed following entry of the order to pay the initial filing fee, and Plaintiff did not pay the initial partial filing fee or otherwise respond to that order. As a result, Plaintiff was ordered to respond and show cause to the Court why this case should not be dismissed for failure to pay the initial partial filing fee. (Doc. 6.) Plaintiff subsequently filed a response to the order to show cause, asserting that he never received the order to pay the initial partial filing fee. (Doc. 7.)

In light of Plaintiff's response, the Clerk was directed to forward Plaintiff a copy of

the July 27, 2021, order directing Plaintiff to pay the initial partial filing fee (Doc. 4), and Plaintiff was given an additional twenty-one days to pay the initial partial filing fee in accordance with the instructions set forth in that order. (Doc. 8.) Plaintiff was also cautioned that his failure to fully and timely comply with these orders could result in the dismissal of this action. *Id.*

More than twenty-one days passed after the order to pay the initial partial filing fee was forwarded to Plaintiff, and Plaintiff again did not pay the initial partial filing fee or otherwise respond to that order. Therefore, Plaintiff was again ordered to show cause to the Court why this case should not be dismissed based on Plaintiff's failure to pay the initial partial filing fee. (Doc. 9.) Plaintiff was given twenty-one days to respond and was cautioned that his failure to do so would result in the dismissal of this action. *Id.*

More than twenty-one days have now passed since entry of the most recent show cause order, and Plaintiff has not responded to that order. Moreover, the order has been returned to this Court as undeliverable. (Doc. 10.) It is Plaintiff's responsibility to notify this Court any time his address changes. Plaintiff's failure to keep the Court apprised of his current address constitutes a failure to prosecute this action, and to the extent that this Court has no information as to Plaintiff's current whereabouts, this action may not proceed.

Thus, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, the complaint is now **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for

2

failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED**, this 28th day of December 2021.

/s/ W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT